UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAM TU TRINH,

    Petitioner,

v.                                             Case No. 09-M-42

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

    Respondent.

**ORDER EXTENDING TIME FOR SERVICE OF PETITION**

On June 8, 2009, the pro se petitioner, Cam Tu Trinh ("Trinh"), commenced this action by filing a Petition for Correction of Naturalization Certificate. Attached to Trinh's petition were various documents including, *inter alia*, correspondence between Trinh and the United States Citizenship and Immigration Services ("USCIS") Office of Administrative Appeals. This correspondence culminated with a decision by the USCIS Office of Administrative Appeals denying Trinh's Application for a Replacement Naturalization/Citizenship Document pertaining to an alleged error in Trinh's Certificate of Naturalization. Trinh now petitions this court for an order correcting the alleged error in her Certificate of Naturalization.

At issue in Trinh's Petition for Correction of Naturalization Certificate is an alleged error in Trinh's Certificate of Naturalization concerning her birth date. In particular, Trinh's Certificate of Naturalization lists her birthday as February 8, 1949. Trinh claims that her actual birthday is February 8, 1947. Trinh states that she noticed the error in her Certificate of Naturalization sometime after she was naturalized in 1982, but she states that she did not want to do anything about the issue at that time because she thought it might jeopardize her newly-acquired citizenship status. According to Trinh, this error in her Certificate of Naturalization did not cause her any trouble until she attempted to renew her State of Illinois Motor Vehicle License in 2007. Trinh states that the Illinois Department of Motor

Vehicles objected to Trinh's license renewal because the birth date she listed with the Social Security Administration, February 8, 1947, did not match the birth date on her Naturalization Certificate, February 8, 1949. Trinh states that, until this issue is resolved, she is unable to maintain a valid driver's license. Trinh states that, because her husband is very sick, Trinh needs a valid driver's license to drive to work, get food, go to the hospital and so forth.

The correction of a Certificate of Naturalization is governed by 8 C.F.R. § 338.5.[1] This regulatory provision provides for the amendment of a Certificate of Naturalization to correct clerical errors or to resolve factual discrepancies between the naturalization application and certificate. *See* 8 C.F.R. § 338.5(a). The petitioner bears the burden of demonstrating that the date of birth on her Certificate of Naturalization is incorrect. *See Kuanchao v. U.S. Citizenship and Immigration Services*, 358 F. Supp. 2d 837 (D. Minn. 2005). Additionally, the framework governing the amendments of Certificates of Naturalization is "resistant to changing birth dates for any reason other than clerical error on the part of U.S. officials." *Varghai v. INS, Dist. Dir.*, 932 F. Supp. 1245, 1246 (D. Or. 1996) (citing 8 C.F.R. § 338.5(e)). "Nonetheless, courts have interpreted their authority to order the amendment of Certificates of Naturalization broadly, and have granted applications to amend in the absence of clerical error, particularly when no fraud is evident." *In re Hau*, Case No. 07-MC-04S, 2007 U.S. Dist. LEXIS 26104 (W.D. N.Y. April 6, 2007).

Before even considering the merits of the petitioner's claim, it does not appear that the petitioner has served a copy of the present petition upon the appropriate district director at the USCIS. *See* 8 C.F.R. § 334.16(b). "While such service is not required under 8 C.F.R. § 338.5, other courts

---

[1] While 8 C.F.R. § 334.16(b) gives courts the power to order amendments to a petition for naturalization, it is not clear from the text of 8 C.F.R. § 338.5 what corresponding power courts do or do not have to order amendments to a Certificate of Naturalization. Nonetheless, other courts have used Section 334.16(b) to order amendments to a Certificate of Naturalization. *See In re Lee*, No. C 06-80150, 2007 U.S. Dist. LEXIS 25922, *5 (N.D. Cal. 2007).

have borrowed from the service requirement in 8 C.F.R. § 334.16(b) to require service on the government." *Hua*, 2007 U.S. Dist. LEXIS 26104 at * 5. Because the petitioner is proceeding pro se, and consistent with this court's discretion under Fed. R. Civ. P. 4(m), the petitioner will be granted until on or before January 11, 2010 to serve the appropriate district director with her Petition for Correction of Naturalization Certificate. *See* 8 C.F.R. § 334. 16(b).[2]

**IT IS HEREBY ORDERED** that the petitioner shall have until on or before January 11, 2010 to serve a copy of her Petition for Correction of Naturalization Certificate on the appropriate district director.

**SO ORDERED** this 16th day of November 2009 at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

[2] A member of the court's staff has made inquiry of the United States Attorney's Office for the Eastern District of Wisconsin concerning whom the appropriate district director might be. That staff member was informed by an Assistant United States Attorney that the appropriate district director in this instance is F. Gerard Heinauer, and that service should be made upon the same at Nebraska Service Center District Director, United States Department of Homeland Security, P.O. Box 82521, Lincoln, NE 68501-2521.